**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**SEP 18 1997**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

GERALD L. CARLOS,

      Plaintiff-Appellant,

v.

MIKE BIRZER, ATF; TERRY
PARHAM, AFT, both DEA agents,

      Defendants-Appellees.

No. 97-3017
(District of Kansas)
(D.C. No. 93-3518-RDR)

ORDER AND JUDGMENT[*]

Before **SEYMOUR**, Chief Judge, **PORFILIO,** and **MURPHY**, Circuit Judges.

After examining the briefs and the appellate record, this three-judge panel

has unanimously determined that oral argument would not be of material

assistance in the determination of this appeal. *See* Fed. R. App. P. 34(a); 10th

Cir. R. 34.1.9. The cause is therefore ordered submitted without oral argument.

---

[*]This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Gerald L. Carlos appeals an order dismissing his *pro se Bivens*[1] civil rights action entered in the United States District Court for the District of Kansas. Carlos claims his civil rights were violated when federal agents arrested him and seized his money and automobile without a warrant with the intent to deprive him of his property, and deliberately undervalued his property. The district court dismissed his complaint and denied relief on the ground that the action was not timely filed. This court exercises jurisdiction pursuant to 28 U.S.C. § 1291 and AFFIRMS.

On February 22, 1991, Carlos was arrested after federal undercover agents purchased crack cocaine from him on several occasions. The agents also seized $960 and Carlos' 1983 GMC truck and turned them over to the Drug Enforcement Agency ("DEA") for forfeiture proceedings. With the aid of counsel, Carlos filed a petition for the return of his property, *Carlos v. United States*, 91-1403-SAC, but later dismissed that action. On December 6, 1993, Carlos filed this *Bivens* action. The district court determined that Carlos had failed to file his *Bivens* claim within the applicable statute of limitations and dismissed his claim. After reviewing the record on appeal, this court affirms for substantially the reasons set forth by the district court below.

---

[1]*Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971).

Because Congress established no specific statute of limitations for civil rights actions under 42 U.S.C. § 1983, courts have adopted the statute of limitations of analogous state statutes. In Kansas, a *Bivens*-type action is subject to a two year statute of limitations. Kan. Stat. Ann. § 61-513(a)(4). Carlos does not contest that he did not file his claim within the two year period, but instead claims the statute of limitations should be tolled "due to his incarceration, due to his lack of legal expertise, and due to his intellectual capacity and limited education."

The district court noted, however, that Carlos had some, if not extensive, access to legal materials and assistance. In fact, Carlos was represented by counsel during some period of his incarceration. The district court thus found "no merit to plaintiff's argument that the statute of limitations should be tolled," and this court agrees.

Because Carlos's claim is time barred, we **AFFIRM** the district court's dismissal of this matter. This court further notes that Carlos's appeal is frivolous or fails to state a claim under 28 U.S.C. § 1915(e)(2)(B) for purposes of counting "prior occasions" under 28 U.S.C. § 1915(g).

ENTERED FOR THE COURT,

Michael R. Murphy
Circuit Judge

-3-